WEIMER, J.,
dissenting.
hi agree with the majority that the open access by the public to court proceedings is best served by having the name of a defendant and/or witnesses fully identified in court documents. However, I find such identification is a general requirement that is subject to certain limited exceptions. In cases when crime victims “are minors under eighteen years of age or ... victims of sex offenses,” (La. R.S. 46:1844(W)(l)(a)), and where a victim’s identity may be readily ascertained based on names of the defendant and/or witnesses, I would hold that a court has the discretion to identify these persons by initials to protect the victim.
Indeed, “all public officials, ... including ... clerks of court ... shall take measures to prevent the public disclosure of the name, address, or identity of such a crime victim.” La. R.S. 46:1844(W)(3) (emphasis added). After this mandate to prevent disclosure of the minor victim’s or sex victim’s name, La. R.S. 46:1844(W)(3) allows discretion as to the “measures” for a court to undertake to prevent disclosure, “which may include the use of initials, abbreviations, or any other form of concealing the identity of the victim on all public documents.” (Emphasis added.) Id. As a matter of statutory interpretation, the phrase “which may include” indicates that the list of protective measures which *58 follows that phrase is illustrative, and not all-inclusive, because “the word ‘may5 is permissive.” La. R.S. 1:8.
12Thus, because a court is not limited in its measures of victim protection to identifying only the victim by the use of initials, I find that the use of initials for names of a defendant and/or witness is another available protective measure under La. R.S. 46:1844(W)(3). However, a court should restrict the use of initials for names of a defendant and/or witness to those circumstances in which a victim’s identity may be readily ascertained based on names of the defendant and/or witness.
For the foregoing reasons, I respectfully dissent.